**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

**SHOPIFY INC.**, a Corporation organized under the laws of Canada,

Plaintiff,

v.

**JOHN DOE 1** (a.k.a. Sacha Go, a.k.a. Sacha Ghosh), **JOHN DOE 2** (a.k.a. Daniel Monnier), and **JOHN DOE 3** (a.k.a. Ad Anjum), individuals,

Defendants.

Case No. 1:23-cv-09102-KPF-KHP

**DECLARATION OF EMILY HAMMOND IN SUPPORT OF SHOPIFY'S *EX PARTE* MOTION FOR LEAVE TO TAKE EXPEDITED DISCOVERY**

I, Emily Hammond, declare and state as follows:

1. My name is Emily Hammond. I am employed as a Senior Manager, Trust and Safety Policy Operations at Shopify Inc. ("Shopify"). I have personal knowledge of the facts stated herein, including through review of Shopify's business records. If called as a witness, I could and would testify competently to them.

2. Shopify provides a cloud-based e-commerce platform through which millions of merchants operate online stores. Merchants upload content for those stores onto Shopify's platform, and Shopify hosts that content and makes it available online.

3. Because it hosts a large volume of third-party content, Shopify routinely receives and processes "takedown notices" from copyright holders alleging that content Shopify is hosting infringes their copyrights. The takedown notice process is set out in the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(c).

4. This lawsuit is brought under a provision of the DMCA, 17 U.S.C. § 512(f), that authorizes those harmed by misrepresentations in takedown notices to sue the parties who sent the notices. Shopify is suing several unidentified parties who sent Shopify DMCA takedown notices that Shopify alleges contained multiple misrepresentations. The allegations in Shopify's complaint are true and correct to the best of Shopify's information.

5. Based on that information, however, Shopify is currently unable to identify the parties responsible for sending the takedown notices described in its complaint. It has investigated the names and addresses these parties supplied in their takedown notices and determined that that information is not valid. As a result, Shopify's complaint names these Defendants as "John Doe 1," "John Doe 2" and "John Doe 3."

6. One piece of information that Shopify has been able to verify is that the John Doe defendants control the email addresses that they used to create the accounts with Shopify through which they sent the takedown notices at issue. Shopify sent emails to those addresses as part of the account creation process and received confirmation that the addresses were valid, operative and controlled by the parties registering the accounts.

7. Shopify believes that the email service providers with dominion over the email addresses used will have information identifying the individuals behind those addresses and behind the takedown notices at issue. Shopify therefore is asking the Court for permission to seek the identifying information these service providers possess, if any. Without that information, Shopify will not be able to name the appropriate individuals as defendants and serve them with the complaint in this action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

Executed on December 6, 2023 at Brockville, ON

Emily Hammond