# WILSON SONSINI

Wilson Sonsini Goodrich & Rosati
Professional Corporation

1301 Avenue of the Americas
40th Floor
New York, New York 10019-6022

O: 212.999.5800
F: 212.999.5899

JEREMY P. AUSTER
JAUSTER@WSGR.COM
Direct dial: 212-453-2862

December 21, 2023

**VIA CM/ECF AND EMAIL**

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007
Failla_NYSDChambers@nysd.uscourts.gov



**MEMO ENDORSED**

Re:     ***Shopify Inc. v. John Doe 1 et al.***, No. 1:23-cv-09102-KPF

Dear Judge Katherine Polk Failla:

We represent Plaintiff Shopify Inc. in the above-captioned matter before this Court.  This letter motion seeks (i) an adjournment of the January 10, 2024 telephonic initial pretrial conference and related case management deadlines, and (ii) an extension of Shopify's time to serve the John Doe Defendants with the Summons and First Amended Complaint.

First, Shopify respectfully requests that the Court adjourn the January 10, 2024 initial pretrial conference and all its attendant deadlines *sine die*.  A pretrial conference at this stage is premature because Shopify has yet to determine the real identities of the John Doe Defendants or serve them with the Summons and First Amended Complaint.  Shopify has taken affirmative steps to accomplish both.  Pursuant to this Court's December 12, 2023 Order granting Shopify leave to conduct expedited discovery (ECF No. 12), Shopify has thus far served subpoenas on two of the Defendants' email service providers on December 21, 2023, in the hopes of obtaining identifying information.  Shopify is requesting the production of responsive information by January 15, 2024.

Second, Shopify respectfully requests that the time to effectuate service on Defendant Does be extended until March 15, 2024.  Shopify's current service deadlines are (1) January 16, 2024 for John Doe 1, and (2) February 5, 2024 for John Does 2 and 3.  Where good cause exists, the Court "must extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m); *see also id.* 6(b); *Cobalt Multifamily Invs. I, LLC v. Arden*, No. 06 CIV. 6172 KMW MHD, 2013 WL 5780810, at *1 (S.D.N.Y. Oct. 24, 2013) (citing Fed. R. Civ. P. 4(m)).  Indeed, "courts have been accorded discretion to enlarge the [90]–day period 'even if there is no good cause shown.'"

**WILSON SONSINI**

The Honorable Katherine Polk Failla
December 21, 2023
Page 2

*Henderson v. United States*, 517 U.S. 654, 662 (1996) (citations omitted); *accord Songhorian v. Lee*, 11 CIV. 36 CM, 2012 WL 6043283, at *4 (S.D.N.Y. Dec. 3, 2012).

 Good cause exists here.  Shopify does not yet know the identity of the Doe Defendants and is working diligently to determine their identities through early discovery.  Shopify does not expect to receive discovery until January 15 at the earliest, assuming prompt compliance with its subpoenas.  Further, there is no guarantee that the sought-after discovery will yield definitive answers and additional investigation may be needed, particularly given the Doe Defendants' history of disguising their identities online.  *See* ECF No. 10 at 3-4.  Where, as here, the defendants' identities are unknown and the plaintiff has exercised diligence to locate them, courts routinely find good cause for extending service deadlines.  *See, e.g.*, *Reinhardt v. City of Buffalo*, No. 1:21-cv-206, 2021 WL 3174018, at *2-3 (W.D.N.Y. June 7, 2021) (extending deadline to serve Doe defendants until 60 days after plaintiff's receipt of early discovery identifying defendants); *Mahon v. Namani*, No. 15-CV-2032 (CM), 2016 WL 6820739, at *3 (S.D.N.Y. Nov. 10, 2016) (finding good cause to extend service deadline until after identification of Doe defendants).

 If Your Honor permits, Shopify will provide a status report via letter to the Court on March 1, 2024 if service is not yet complete, updating the Court on the status of Shopify's efforts.

 This is Shopify's first request for both an adjournment of the initial pretrial conference and an extension of its time to effectuate service.  Shopify is currently the only named party in this litigation, so there is no objection to either request.  A proposed order is attached to this letter for the Court's convenience.

 We thank the Court for its attention in this matter.

     Respectfully submitted,

     WILSON SONSINI GOODRICH & ROSATI
     Professional Corporation

     *s/ Jeremy P. Auster*

     Jeremy P. Auster

Application GRANTED.

The January 10, 2024 initial pretrial conference and its related case management deadlines are hereby ADJOURNED *sine die*, pending further order of the Court.  Upon service of the John Doe Defendants, Plaintiff is hereby ORDERED to file a letter requesting reinstatement of the initial pretrial conference.

The deadline for Plaintiff to effectuate service upon the John Doe Defendants is hereby ADJOURNED to **March 15, 2024.**

Plaintiff shall file a status update on or before **March 1, 2024,** if service is not yet complete by that date, apprising the Court of its efforts to effectuate service on the John Doe Defendants.

The Clerk of Court is directed to terminate the pending motion at docket entry 13.


Dated:      December 27, 2023            SO ORDERED.
            New York, New York

                                         HON. KATHERINE POLK FAILLA
                                         UNITED STATES DISTRICT JUDGE